UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES W. COFFEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:14-cv-2067-PPS-CAN |
| | ) |
| NANCY A. BERRYHILL,[1] Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before me on Plaintiff's counsel's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), DE 31, which seeks $3,466.15 in attorney's fees, a percentage of the past-due Social Security Disability Insurance Benefits awarded by the Commissioner of Social Security to Plaintiff. For the reasons explained in detail below, I find the request reasonable and the motion is **GRANTED**.

### Background

After being denied Disability Insurance benefits under the provisions of the Social Security Act, Plaintiff appealed his case to this Court on December 12, 2014. [DE 1.] On March 29, 2016, I remanded the case for further proceedings and a new decision

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as defendant in this suit.

by the ALJ. [DE 26.] On July 13, 2016, I granted the Parties' Joint Stipulation to an Award of Attorney Fees Under the Equal Access to Justice Act. [DE 30.]

On remand from this Court, Plaintiff then received a Notice of Award ("NOA") from the Commissioner in his favor. The NOA awarded Plaintiff $62,147.00 in total back benefits. [DE 31-6.] The Commissioner withheld $15,536.75 of the award for Plaintiff's counsel for his work on the case. [*Id.* at 2.] Of that award, $3,900 was awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(a) for work done exclusively at the administrative level before the Social Security Administration, leaving $11,636.75 for a potential award under Section 406(b). [*Id.*] What happens in most cases is that counsel would seek this full amount and then I would order him/her to refund to the plaintiff the lesser of the Section 406(b) award and the EAJA award, as counsel cannot double collect for the same work. Plaintiff's counsel, however, already has done the math for me and requests Section 406(b) fees that offset the EAJA award. Plaintiff asks me to approve a fee authorization in the amount of $3,466.15 pursuant to Section 406(b)(1) of the Social Security Act. Plaintiff's counsel arrives at this number by subtracting: (1) the previously awarded fees under the EAJA of $7,500; and (2) a $670.60 "correction" to take into account a 60 day delay caused by two motions for extension of time to file opening brief filed by Plaintiff's attorney from the remaining $11,636,75. The Commissioner does not object to the request. [DE 33.]

## Discussion

Section 406(b) of the Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) is intended to control, but not displace, contingent fee arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The district court is to review the amount set by the fee agreement for reasonableness based on "the character of the representation and the results the representative achieved." *Id.* at 807. The Supreme Court described three situations in which courts have appropriately reduced fees as unreasonable: (1) the representation is substandard, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, and (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Here, Plaintiff entered into a twenty-five-percent contingency fee agreement with his attorney, Randal S. Forbes, and his associate Jason S. Rodman. [DE 31-1 at 1.] Plaintiff was awarded past due benefits in the amount of $62,147.00, and the Commissioner reserved twenty five percent, $15,536.75, in case Plaintiff needed to pay counsel, $3,466.15 of which counsel now asks me to award him. This amount is

3

reasonable. Attorney Forbes and his associate's representation was not substandard. On the contrary, counsel secured a remand from this court and reversal of the original administrative decision resulting in the Plaintiff receiving a favorable decision and an award of retroactive benefits.

In addition, counsel worked on contingent fee basis, so the risk that he won't recover for his client, and thus won't be paid at all, has to be priced in to the computation of a reasonable fee. *See Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988) ("[A] universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe."). The risk of no recovery is high in a Social Security case. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). In this context, then, an award of $11,636.75 is not unreasonable. And awards of larger size have been approved in this district. *See, e.g. Soptich v. Colvin*, No. 3:15-CV-109, 2017 WL 711021, at *2 (N.D. Ind. 2017) (approving award of $18,646); *Denune v. Colvin*, No. 1:11-CV-64, 2014 WL 3899308, at *4 (N.D. Ind. 2014) (approving award of $24,830); *Sparrow v. Astrue*, No. 3:07-CV-506-TLS, 2010 WL 2195276, at *1 (N.D. Ind. 2010) (approving award of $17,322.10). Plaintiff's counsel achieved the result his client sought in filing the suit and should be properly compensated for his work. Plaintiff's counsel acknowledges that he caused a sixty day delay in this action by filing two motions for extension of time to file

4

opening brief. [DE 31 at 3.] To account for this delay, Plaintiff's counsel's request for fees includes a reduction of $670.60, which represents 25% of back pay for the most recent two months, the highest monthly benefit amounts. [*Id.* at 4 n.1.]

There is one final piece of business. Attorney Forbes already has received $7,500 in EAJA fees. While fee awards may be made under both Section 406 and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. Because Attorney Forbes' request for fees pursuant to Section 406(b) already offsets the EAJA fees, requesting only $3,466.15 in fees under Section 406(b) and not the total remaining $11,636.75, the EAJA fees will effectively be refunded to Coffel when he receives the balance of the $15,536.75 reserved from past-due benefits for payment of attorney's fees.

## Conclusion

Plaintiff's counsel's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), DE 31, is **GRANTED**. The Court **GRANTS** Counsel's petition for §406(b) fees in the amount of $3,466.15. The Court **ORDERS** that payment by the Commissioner in the amount of $3,466.15 be paid directly to Randal S. Forbes in accordance with the agreement signed by Plaintiff and the remaining balance of $15,536.75 the Social Security Administration reserved from Coffel's past due benefits to pay for his lawyer be paid to Coffel.

**SO ORDERED.**

ENTERED: August 22, 2017.

                                                  s/ Philip P. Simon
                                                  **PHILIP P. SIMON, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**